UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERARD NGUEDI,<br><br>*Plaintiff*,<br><br>v.<br><br>ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT, *et al.,*<br><br>*Defendants.* | Civil Action No. 23-2965 (RDM) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Gerard Nguedi, proceeding *pro se*, brings this action against the Administrative Office of the U.S. Courts ("AO") and General Dynamics Information Technology ("GDIT"). Dkt. 1 at 1–2. GDIT waived service, Dkt. 11; Dkt. 12, and filed an answer to Nguedi's Complaint on January 16, 2024, Dkt. 18. The AO moves to dismiss Nguedi's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). *See generally* Dkt. 17. As explained below, Nguedi has yet to effect service on the AO. Because Nguedi is proceeding *pro se*, however, the Court will afford him a further opportunity to do so. The Court will, accordingly, **DENY** the AO's motion to dismiss as premature and will, instead, require that Nguedi file proof of service made in accordance with Federal Rule of Civil Procedure 4 within 45 days of this Order. If he fails to do so, the Court will dismiss the action as against the AO without prejudice pursuant to Rule 4(m).

Although a *pro se* litigant's pleadings are held to less stringent standards than those that apply to pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure, *see Jarrell v. Tisch*, 656

F. Supp. 237, 239 (D.D.C. 1987).  Federal Rule of Civil Procedure 12(b)(5) governs motions to dismiss for insufficient service of process.  "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provisions of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (citation omitted); *see also Simpkins v. D.C. Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997).  Federal Rule of Civil Procedure 4(m) sets forth the time limits for service and the consequences of failing to provide proper service.  It states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).

Nguedi has not properly served the AO.  "To serve a United States agency . . . , a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."  Fed. R. Civ. P. 4(i)(2).  "To serve the United States, a party must:"

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).  Nguedi "is responsible for having the summons and complaint served," Fed. R. Civ. P. 4(c)(1), but he—as a party to the case—may not himself serve the summons and

2

complaint, Fed. R. Civ. P. 4(c)(2); *see Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 357 (D.D.C. 2020); *Smith v. United States*, 475 F. Supp. 2d 1, 9 (D.D.C. 2006) (collecting cases).

As the AO's motion to dismiss explains, *see* Dkt. 17-1 at 29, Nguedi did not properly effect service on the AO because he personally mailed the summons and complaint to U.S. Attorney Matthew Graves; the U.S. District Court for the District of Columbia; U.S. Attorney General Merrick Garland; and the Administrative Office of the United States. *E.g.*, Dkt. 4 at 3 ("I, Gerard Nguedi, hereby declare that . . . I mailed a copy of the summons and complaint . . . ."); *see also id.* at 4–6.

Pursuant to Federal Rule of Civil Procedure 4(m), the Court may dismiss the action without prejudice or direct that service be effected within a specified time. "Courts often decline to dismiss a *pro se* plaintiff's case for defective service without first affording the plaintiff the opportunity to correct any errors he or she may have made." *Johnson-Richardson*, 334 F.R.D. at 357 (internal quotation marks and citation omitted); *see also, e.g.*, *Hilska v. Jones*, 217 F.R.D. 16, 22 (D.D.C. 2003). The Court will follow that route here and will direct Nguedi to effect service within 45 days. The Court cautions Nguedi, however, that failure to properly serve the AO within that time may result in dismissal of the claims against that party pursuant to Rule 4(m).

Because Nguedi has yet to effect service, the Court currently lacks personal jurisdiction over the AO. *See Jouanny v. Embassy of France in the U.S.*, 220 F. Supp. 3d 34, 40 (D.D.C. 2016); *Lemma v. Hisp. Nat'l Bar Ass'n*, 318 F. Supp. 3d 21, 25 (D.D.C. 2018). The Court, accordingly, will not reach the AO's other arguments for dismissal until service is effectuated. *See Hilska*, 217 F.R.D. at 22 n.10 ("The court need not address defendant['s] alternative Rule 12(b)(6) motion at this time in light of the court's determination of insufficient service of

3

process."); *Anderson v. Gates*, 20 F. Supp. 3d 114, 120 n.8 (D.D.C. 2013), *aff'd sub nom. Anderson v. Carter*, 802 F.3d 4 (D.C. Cir. 2015).  The AO will be free to renew its arguments should Nguedi effect service within 45 days; and if Nguedi fails to do so, the AO may seek dismissal on that ground.

## CONCLUSION

For the foregoing reasons, the AO's motion to dismiss, Dkt. 17, is hereby **DENIED** without prejudice.  It is further **ORDERED** that Plaintiff Nguedi shall effect service on the AO in compliance with Federal Rule of Civil Procedure 4 and file proof of service within 45 days of this Order—that is, on or before July 1, 2024.  Plaintiff Nguedi is cautioned that, if he fails to do so and fails to demonstrate that there is good cause for an extension of the time for him to effect service, the Court will dismiss this action as against the AO without prejudice pursuant to Rule 4(m).

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 17, 2024